UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 08-346 (SDW) |
| v. | : | Hon. Susan D. Wigenton, U.S.D.J. |
| KEITH STEWART, a/k/a "Nutty" | : | **PRELIMINARY ORDER OF FORFEITURE** |

IT IS HEREBY ORDERED THAT:

1.  As the result of the guilty verdict on Count One and/or Two of the Second Superseding

    Indictment, for which the Government sought forfeiture pursuant to 21 U.S.C. § 853,

    defendant shall forfeit to the United States:

    a.   all property used or intended to be used in any manner or part to commit or

         facilitate the commission of the offense.

2.  The jury has determined that the government has established the requisite nexus between

    the following properties and the offense committed by the defendant, and therefore, the

    following properties are subject to forfeiture:

    All that lot or parcel of land, together with its buildings, appurtenances,
    improvements, fixtures, attachments and easements, located at 106 Richelieu
    Terrace, Newark, New Jersey; and

    All that lot or parcel of land, together with its buildings, appurtenances,
    improvements, fixtures, attachments and easements, located at 325 South 19th
    Street, Newark, New Jersey (hereinafter collectively referred to with the property
    described above as the "Subject Properties").

1

3.   Upon the entry of this Order, the United States Attorney General (or a designee); is authorized to seize the Subject Properties, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4.   Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.   The United States shall publish notice of the order and its intent to dispose of the properties in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Properties. No such notice is required to the extent that this Order consists solely of a money judgment against the defendant. Rule 32.2(c)(1).

6.   Any person, other than the above named defendant, asserting a legal interest in the Subject Properties may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Properties, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

7.   Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing [or before sentencing if the defendant consents] and shall be made part of the sentence and included in the judgment. If no third

2

party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8.  Any petition filed by a third party asserting an interest in the Subject Properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Properties, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Properties, any additional facts supporting the petitioner's claim and the relief sought.

9.  After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Properties following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), 31 U.S.C. § 5317(c) and 5332, and 28 U.S.C. § 2461(c), for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Matthew E. Beck, U.S. Attorney's Office, District of New Jersey, 970 Broad Street, Suite 700, Newark, New Jersey 07102.

Dated: March 19, 2009

SO ORDERED:

_____
HONORABLE SUSAN D. WIGENTON
UNITED STATES DISTRICT JUDGE

4